UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ALLEN AEBI,

    Petitioner,

v.                                                Case No. 8:05-cv-861-T-23MAP

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## **O R D E R**

Michael Aebi petitions for the writ of habeas corpus (Doc. 1) and challenges the validity of the revocation of his probation. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, a preliminary review of the petition for writ of habeas corpus is required. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for summary dismissal . . . ." As currently drafted, the petition is defective because it fails to disclose the date Aebi filed his state Rule 3.850 motion for post-conviction relief and the date the appellate court affirmed the denial of his Rule 3.850 motion for post-conviction relief. Both dates are required to determine whether the petition is timely. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

Accordingly, Aebi has twenty (20) days to file a notice disclosing the date he filed his state Rule 3.850 motion for post-conviction relief and the date the appellate court affirmed the denial of his Rule 3.850 motion for post-conviction relief. The failure to timely do so will result in the dismissal of this action.[1]

ORDERED in Tampa, Florida, on May 16, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[1] Aebi should note that, if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time that a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000)(defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time during which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).