UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ALLEN AEBI,

      Petitioner,

v.                           Case No. 8:05-cv-861-T-23MAP

SECRETARY, Department of Corrections,

      Respondent.

_____/

## **O R D E R**

Aebi petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the revocation of his probation. The respondent admits the petition's timeliness, Response at 3 (Doc. 7), and supports the response with numerous exhibits ("Respondent's Exhibit _") (Doc. 9).

The petition presents two grounds. First, Aebi alleges that trial counsel was ineffective for failing to investigate witnesses who could testify that Aebi's violation of probation was not willful. Second, Aebi alleges that post-conviction counsel was ineffective for failing to present the same witnesses at the evidentiary hearing to prove that trial counsel's deficient performance was prejudicial. The latter ground fails to assert a reviewable claim because the ineffectiveness of post-conviction counsel is excluded from the purview of Section 2254. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I). Consequently, ground two is dismissed.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, Section 2254(d), as

amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

governs this proceeding.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210

(11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a

highly deferential standard for federal court review of a state court adjudication, states in

pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.  Under
> § 2254(d)(1), the writ may issue only if one of the following two conditions is
> satisfied–the state-court adjudication resulted in a decision that (1) "was
> contrary to . . . clearly established Federal Law, as determined by the
> Supreme Court of the United States," or (2) "involved an unreasonable
> application of . . . clearly established Federal law, as determined by the
> Supreme Court of the United States."  Under the "contrary to" clause, a
> federal habeas court may grant the writ if the state court arrives at a
> conclusion opposite to that reached by this Court on a question of law or if
> the state court decides a case differently than this Court has on a set of
> materially indistinguishable facts.  Under the "unreasonable application"
> clause, a federal habeas court may grant the writ if the state court identifies

the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

The state appellate court affirmed (Respondent's Exhibit 4) Aebi's revocation and sentence on direct appeal in a per curiam decision without a written opinion, and likewise affirmed (Respondent's Exhibit 13) the denial of his subsequent Rule 3.850 motion for post-conviction relief.  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Aebi bears the burden of overcoming a state court factual determination by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  Consequently, this court must defer to the finding of fact

in the state court's rejection of Aebi's post-conviction claims (Final Order Denying Motion

for Post-Conviction Relief, Respondent's Exhibit 6 at 107).

### INEFFECTIVE ASSISTANCE OF COUNSEL

Aebi claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he

cases in which habeas petitioners can properly prevail on the ground of ineffective

assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511

(11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of

counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented.  In Strickland v. Washington, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part
> test for analyzing ineffective assistance of counsel claims.  According to
> Strickland, first, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.

Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the

defendant makes an insufficient showing on one.");  Sims v. Singletary, 155 F.3d at 1305

("When applying Strickland, we are free to dispose of ineffectiveness claims on either of

its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment." <u>Strickland v. Washington</u>, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Strickland v. Washington</u>, 466 U.S. at 690.  <u>Strickland</u> requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland v. Washington</u>, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Aebi must demonstrate that error by counsel prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. at 691-92.  To meet this burden, Aebi must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland v. Washington</u>, 466 U.S. at 694.

<u>Strickland</u> cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." <u>Strickland v. Washington</u>,  466 U.S. at 690-91.  Aebi cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . .  We are not interested
> in grading lawyers' performances; we are interested in whether the
> adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

Aebi must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

The state court conducted an evidentiary hearing and denied Aebi's claim of ineffective assistance of counsel after recognizing the correct controlling Supreme Court authority.

> A successful ineffective assistance claim must show that counsel's performance was deficient and that the deficiency prejudiced the defendant.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984).  "To prevail on a claim of failure to investigate a witness, a defendant must show that, but for counsel's deficient performance, there is a reasonable probability the outcome . . . would have been different."  State v. Jackson, 725 So. 2d 1234 (2d DCA 1999).

(Respondent's Exhibit 6 at 109).  Because the state court correctly recognized that Strickland governs Aebi's ineffective assistance of counsel claim, Aebi cannot meet the "contrary to" test in Section 2254(d)(1).  Aebi instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.

The state court rejected Aebi's claim as follows (Respondent's Exhibit 6 at 107-

11):

On June 9, 1999, Defendant pled [sic] guilty to Delivery of Cocaine and was sentenced to thirty-six months of probation. On April 13, 2000, Defendant admitted to violating his probation and was sentenced to 15 years in Florida State Prison (FSP).  The Motion for Post Conviction Relief was filed on December 26, 2001.  That Motion alleged [that] . . . 4) Counsel, J.C. Hill, Esquire, was ineffective for failing to investigate witnesses with respect to violation of probation.

. . .

On October 30, 2002, this court held a hearing to determine whether 1) "counsel was ineffective in failing to investigate witnesses who could testify that Defendant did not willfully and substantially violate his probation . . . ."

[T]his court finds that Defendant is not entitled to relief.  The issue was whether Ms. Hill was ineffective for failing to investigate witnesses that could have proven Mr. Aebi was not in willful and substantial violation of his probation.  Mr. Aebi was alleged to have violated two conditions of his probation. The first is a violation of condition 3—the obligation to remain in his approved residence.  Specifically, Defendant was alleged to have moved from his approved residence at the Royal Palms hotel on July 23, 1999.  The second was a violation of condition 31—to attend and complete drug treatment at DACCO.

Mr. Aebi's defense to the violations was that he took ill during July, 1999, and the severity of the illness caused him to miss his DACCO appointments and caused him to be hospitalized.  At the hearing on the Motion, several persons were identified as witnesses who allegedly could have provided testimony that would have proven Defendant's violation of probation was not willful and substantial. The first was Dr. Allen at University Community Hospital, who was alleged to be able to testify about the seriousness of Defendant's condition.  Second was an employee at DACCO named Carletta or Carlotta, who allegedly informed Defendant that he was excused from attending treatment due to his illness.  Lastly, the hotel manager at the Royal Palms Hotel was alleged to have been able to testify that Defendant still resided at the hotel on the date his probation officer visited the hotel.

. . .

It is clear that at the violation of probation hearing, credibility was the primary issue.  It was Defendant's word against his probation officers.  Given his criminal history, Defendant's testimony obviously could not stand alone.  Ms. Hill testified that she did not contact anyone at DACCO or the Royal Palms Hotel regarding the Defendant's version of the facts.  "Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary."  Light v. State, 796 So. 2d 610, 616 (2d DCA 2001) (citing Strickland, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984)).  Counsel did not offer any explanation as to strategic reasons for her failure to contact those potential witnesses.  Counsel testified that Mr. Aebi maintained that he contacted DACCO and had been excused from the program due to his illness and that he still resided at the Royal Palms Hotel.  Yet, she failed to conduct any investigation regarding his claims outside of requesting medical records.  As such, this court finds that counsel's performance was deficient.  See Light, 796 So. 2d 610 (2d DCA 2001).  This satisfies the first prong of the Strickland test.

In determining whether the second prong of Strickland has been met, a review of Light v. State, 796 So. 2d 610 (2d DCA 2001) is in order.  In Light, the defendant alleged that trial counsel was ineffective for failing to investigate witnesses.  Prior to trial, trial counsel was aware of the fact that there were three women, among a number of other individuals, who might have relevant exculpatory testimony.  The three women were closest to the scene as the incident unfolded and their testimony could resolve the critical issue of whether defendant aimed his gun at an officer.  Trial counsel, however, failed to make any attempts to locate these women or any of the other persons who were present at the scene.  At the hearing on the post conviction motion, the defendant presented three witnesses who were present at the scene of the incident.  The testimony of Lisa Washington, a witness, not only suggested that she was one of the three women who were closest to the incident but also corroborated defendant's story.   The Second District found that Ms. Washington's testimony could have created reasonable doubt and produced an acquittal.  Id. at 616.

In this case, at least three persons were alleged to have been able to provide testimony that would have supported Defendant's story.  Despite that, none of the individuals were called to testify at the post conviction hearing.  Reviewing this case in light of Jackson and Light, there is no testimony that shows there is a reasonable probability that the outcome of the violation of probation hearing would have been different.  As such, the prejudice prong has not been met, and Defendant is not entitled to relief.

The violation of probation charging document alleged that Aebi violated "Condition 3" by moving from his approved residence without permission and "Condition 31" by failing to complete an alcohol/drug treatment program.  Testimony at the revocation hearing (Respondent's Exhibit 1 at 48-69) proved that Aebi never reported to his probation officer, never attended a drug rehabilitation meeting, and changed his residence without the approval of his probation officer.  Aebi faced a minimum sentence of less than two years and a maximum of fifteen years.  Aebi's counsel argued for reinstatement of probation because the violations were not willful.  The prosecutor argued for a sentence of five years.  Before imposing sentence, the judge noted Aebi's extensive record (Respondent's Exhibit 1 at 68).

> Based on your past criminal record that dates back from 1969 involving auto theft, probation violation, breaking and entering, unlawful delivery of a controlled substance, another breaking and entering, a violation of probation on that, a larceny, a burglary, an armed [(unspecified)], another burglary VOP, another probation violation, a DUI, purchase of cocaine, possession of marijuana, a resisting an officer with violence, a felon in possession of a firearm, an endangerment of a child, a driving while license suspended, a possession of a drug paraphernalia and the instant offense, I adjudicate him guilty and sentence him to 15 years in the Florida State Prison with credit for time served.

Aebi complains that counsel's ineffectiveness was prejudicial because the apartment manager would verify that Aebi was a resident until August 4, 1999, when Aebi was admitted into the hospital.  To the contrary, this proposed witness advised the probation officer that Aebi vacated the premises on July 23, 1999, and the probation officer verified that someone other than Aebi was residing in Aebi's apartment.   Aebi complains that counsel's ineffectiveness was prejudicial because the attending surgeon would explain that Aebi's change of residence and absence from the drug program was

- 9 -

not willful.  Aebi was terminated from the drug program for having missed meetings on both July 12th and 19th, and on both August 2nd and 9th.  The admission into the hospital on August 4th provides no explanation for Aebi's missing the two meetings in July.  Aebi remained unsupervised from August until his arrest more than six months later.  Aebi testified that he knew that his probation was likely revoked but never contacted his probation officer, which he knew would cause his detention, because he wanted to remain free to care for his son.  The state court's decision that Aebi failed to prove that counsel's ineffectiveness was prejudicial is not an unreasonable determination of the facts or application of law.

Accordingly, Aebi's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Aebi and close this action.

ORDERED in Tampa, Florida, on June 30, 2008.

_____

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**